IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,  CV 92-105-MA

    Petitioner,  O P I N I O N
AND ORDER

  v.

$77,825 IN UNITED STATES CURRENCY, <u>in rem</u>,

    Defendant.

MARSH, Judge.

Carlos Humberto Orantes-Arriaga (Petitioner) brings this Motion to Relieve Petitioner from a Final Judgment Pursuant to Federal Rule of Civil Procedure (FRCP) 60(b)(3) and (4). Doc. #19. Petitioner requests relief from a Default Judgment of Forfeiture in Civil Case Number 92-105-BE, entered April 9, 1992,

1 - OPINION AND ORDER

by the Honorable Robert C. Belloni.  Doc. # 13.

Previously, on March 31, 1997 Petitioner filed a Motion for Return of Property in Criminal Case Number 90-354-MA, regarding the same $77,825 at issue in the instant proceeding.  Doc. # 710. It was denied on May 5, 1997, (Doc. # 719) and again on October 14, 1997, (Doc. # 732) following a Motion for Reconsideration.

On February 1, 1999, U. S. Court of Appeals for the Ninth Circuit affirmed this court's denial of Petitioner's Motion for Reconsideration in the criminal case.  Doc. # 807.  Petitioner's subsequent motions for Reconsideration and *en banc* review were denied.

In the instant motion petitioner alleges he is entitled to relief under FRCP 60(b)(3) and (4) based on fraud and lack of subject matter jurisdiction.  Petitioner alleges the government failed to provide adequate notice of the forfeiture proceedings.

The government contends petitioner did receive adequate notice, and in any event petitioner is time-barred from seeking relief under FRCP 60(b)(3), which provides that a motion for relief from judgment be made no more than one year after the judgment was entered.  I concur with the government that petitioner's motion under FRCP 60(b)(3) is time barred, as it was filed more than 13 years after the entry of judgment from which he seeks relief.  I also find that petitioner's motion for relief from judgment under FRCP 60(b)(4), was not made "within a

2 - OPINION AND ORDER

reasonable time," as generally required to obtain relief under FRCP 60. Nevertheless, I address his very serious allegation that his due process rights were violated.

Petitioner contends he is entitled to relief under FRCP 60(b)(4), because the judgment in Civil Case Number 92-105-BE is void. A judgment is void, for purposes of FRCP 60(b)(4) "only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." In re Sasson, 424 F.3d 864 (9th Cir. 2005)(quoting United States v. Berke, 170 F.3d 882, 883 (9th Cir. 1999)).

Petitioner alleges the judgment at issue is void for both of these reasons. I disagree. This court had jurisdiction over the subject matter of the forfeiture proceeding under 21 U.S.C. § 881, 28 U.S.C. §§ 1345, 1355 and 1395, and 19 U.S.C. § 1610. Further, I find no merit to petitioner's argument that the government acted in a manner inconsistent with the due process of law by failing to serve him notice of the forfeiture proceedings in Civil Case Number 92-105-BE.

Due process requires the government in a forfeiture proceeding to make efforts "reasonably calculated" to apprise a party of the pendency of the action. See Dusenbery v. U.S., 534 U.S. 161 (2002). This court inquires whether the means used by the government to do so were reasonable under the circumstances.

Id. at 167 (incorporating the test from Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 3065, 3132 (1950)).

In this case the government alleges it personally served petitioner on March 6, 1992, at the Federal Correctional Institute in Leavenworth, Kansas. According to the Declaration of LeeAnn Tufte, logs kept by the Bureau of Prisons show that Deputy United States Marshal Michael Shute was admitted as a visitor at Leavenworth at 9:05 AM and left the facility at 9:53 AM, consistent with the process receipt and return which indicates that Deputy Shute served petitioner at 9:45 AM that day.

Petitioner alleges that the logs he obtained through Freedom of Information Act requests do not reflect a visit from Michael Shute. Copies of the logs provided to petitioner and attached to the instant motion are heavily redacted because they contained personal identifying information, such as social security numbers. Thus, they neither confirm nor controvert the government's claims.

Nevertheless, the government published three notices of the forfeiture proceedings in Civil Case Number 92-105-BE, in the Daily Journal of Commerce, on February 28, March 6, and March 13, 1992, sufficient to satisfy due process requirements. See Government's Opposition, Ex. 3. Petitioner's contention that a friend of his could not locate all three notices at the Multnomah

4 - OPINION AND ORDER

County Library is unavailing.

Thus, I find the government provided such notice as was reasonable under the circumstances, and sufficient to satisfy due process requirements.  Accordingly, petitioner's Motion to Relieve Petitioner from a Final Judgment Pursuant to Federal Rule of Civil Procedure (FRCP) 60(b)(3) and (4) (Doc. #19) is DENIED.

IT IS SO ORDERED.

DATED this  30   day of January, 2006.

                                       /s/  Malcolm F. Marsh
                                      Malcolm F. Marsh
                                      United States District Judge